IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA          *
                                  *
v.                                *
                                  *     Criminal No. WMN-90-0454
NORMAN BROWN                      *
                                  *

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *

MEMORANDUM

On January 15, 1993, this Court sentenced Mr. Brown to a term of life without possibility of parole. That sentence was affirmed by the Fourth Circuit Court of Appeals on July 15, 1996. United States v. Ford, 88 F.3d 1350 (4th Cir. 1996). On or about March 23, 2007, Mr. Brown filed a "Motion Pursuant to 18 U.S.C. § 3582(c) and/or in the Alternative Rule 35(a) Federal Rules of Criminal Procedure," Paper No. 1600, in which he argued that a 1994 amendment to the Federal Sentencing Guidelines reduced the base level for his offence from 42 to 38 and that this amendment should be given retroactive effect. The Court denied this motion on June 7, 2007, after observing that he received his life sentence based, not solely upon the then-applicable Sentencing Guidelines, but also by application of a mandatory minimum statutory sentence under 21 U.S.C § 841(b)(1)(A)(iii).

Mr. Brown filed a timely motion for reconsideration of that June 7, 2007, decision.[1] He argues that: (1) the Court was without jurisdiction to impose a life sentence under 21 U.S.C. § 841 because the government failed to timely file the notice required under 18 U.S.C. § 851; and (2) his sentence under § 841 was improper in that the prior convictions used to enhance his sentence were part of the same course of conduct as his conviction in this case. Mr. Brown also argues that because he was "actually innocent" of the mandatory life sentence under § 841, his challenge was not waived, defaulted, or otherwise procedurally barred.

As the government correctly observes, the grounds asserted by Mr. Brown in his original motion are not properly brought under 18 U.S.C. § 3582(c) or Rule 35(a). Even were the Court to find, however, that these claims are properly before it, Mr. Brown's requested relief would be denied as his claims are without factual or legal support.

As to Mr. Brown's claim that the § 851 notice was untimely, the government responds that notice was sent to Mr. Brown's counsel on October 31, 1991. Jury selection did not begin in this case until November 4, 1991. The government states that,

---

[1] Due to a clerical error, this motion was mischaracterized as one of a large number of "crack amendment" motions that were filed by other defendants in this case and was erroneously marked as resolved. The Court apologizes for the delay in addressing this motion.

out of an abundance of caution, it also filed with the Court and hand-delivered to Mr. Brown's counsel a second notice on November 4, 2001, just prior to the start of jury selection. Apparently, it is this second notice that Mr. Brown references in his motion, erroneously concluding that it was served after the empanelling of the jury.  Regardless, it is clear that notice was timely given to Defendant.[2]

As to Mr. Brown's argument that his prior convictions were improperly considered, there is no factual dispute.  The government concedes that Mr. Brown's predicate convictions arose out of the early stages of the conspiracy for which he was charged in this case.  While factually supported, however, Mr. Brown's argument lacks legal support.  Under 21 U.S.C § 841(b)(1)(A)(iii), where a defendant is convicted of an offense involving 50 grams or more of cocaine base and committed "after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without release."  Mr. Brown's prior convictions became final in 1988.  The conduct for which he was convicted in this action continued until 1990.

---

[2]  Furthermore, as Mr. Brown now acknowledges, a failure on the part of the government to comply with the notice provisions of § 851 does not alter a court's jurisdiction to impose a sentence. United States v. Beasley, 495 F.3d 142, 146 (4th Cir. 2007).

3

In arguing that his prior convictions should not have been considered, Plaintiff relies on case law decided under the Sentencing Guidelines. See Def.'s Mot. at 4 (citing United States v. Ford, 88 F.3d 1350 (4th Cir. 1996)). In defining what constitutes a "prior sentence," however, the Sentencing Guidelines specify that the prior sentence must be a sentence imposed "for conduct not part of the instant offense." U.S. Sentencing Guidelines Manual § 4A1.2(a)(1). Section 841 contains no similar restriction. Courts have uniformly rejected arguments that guideline provision § 4A1.2(a)(1) should control construction of the statutory minimum sentences:

> [t]he guidelines' provision explicitly states that the enhancement applies to conduct not related to the instant offense. Section 841(b)(1)(A) does not contain a similar provision. It states only that it applies to offenses committed after the prior conviction becomes final and makes no exception for related conduct.

United States v. Garcia, 32 F.3d 1017, 1019 (7th Cir. 1994); see also United States v. Rice, 43 F.3d 601, 608 (11th Cir. 1995)(rejecting defendant's argument "to exclude from the purview of section 841(b)(1)(A) the multiple convictions arising from acts which were distinct in time even though they may have been part of a larger conspiracy unveiled by one coordinated investigation"); United States v. Martino, 294 F.3d 346, 350 (2d Cir. 2002) (observing that circuit courts addressing the question of what is a "prior" conviction under § 841 have

4

"unanimously concluded that the conduct upon which a prior conviction rests need not be entirely separate from the conduct underlying the conviction for which the defendant is currently being sentenced").

For these reasons, Mr. Brown's motion for reconsideration must be denied.  A separate order will issue.

_____
William M. Nickerson
Senior United States District Judge


DATED: March 18, 2009